[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION (#104.00)
The court listened to the evidence presented by the defendant wife. She testified as to her needs. The husband's financial affidavit showing net weekly wages of $95.55 and gross weekly wages of $111.02 was not contradicted by any testimony. There was an argument made by defendant's counsel that there was cash that was not shown, but no evidence was presented to establish this position. The court offered the opportunity to the defendant to present that evidence, but defendant's counsel had an engagement in court in White Plains, New York and was unable to attend the afternoon session of the court commencing at 2:00 p. m.
Accordingly, the burden is on the moving party to establish their proof. This burden has not been met. The court has read the wife's memorandum of law dated August 20, 1991. The guidelines provide for a self-support reserve. That amount was increased under he new support guidelines to $135 per week since the poverty level for one person as of July 1, 1990 was determined to be $120.44. The husband's net income is substantially below the reserve and accordingly, no child support is ordered at this time.
This order is without prejudice to the wife establishing through competent credible evidence that the husband's income is substantially greater than the amount shown on his financial affidavit.
Accordingly, the motion for child support and counsel fees pendente lite being 104.00 is denied.
KARAZIN, J.